CHARLES E. RIORDAN, as Ancillary Administrator D.B.N.C.T.A. of the Estate of JOHN J. RIORDAN, JR., Deceased, Appellant, v. JOSEPHINE M. CRABTREE et al., Respondents.— In an action to foreclose a mortgage on property in Westchester County, the plaintiff, in his supplemental complaint, alleges that the mortgage was assigned to plaintiff's testator by assignment dated June 30, 1924, and recorded August 14, 1924, as collateral security for a debt; that such assignment was made subject to an assignment previously executed and recorded, and while the latter assignment was absolute on its face, it actually was given as collateral security for a debt due defendants' predecessors. The mortgage, as recorded in the office of the Register, bears the following inscription or notation on the margin thereof: "Ass'd. to Jno. J. Riordan, Jr., L. 2255, p. 421," which is the assignment to plaintiff's testator. The sole defendants are Josephine M. Crabtree, the present owner who acquired the property in 1938, and the Crestwood National Bank in Tuckahoe, to whom Crabtree executed and delivered a mortgage for $3,000, in 1940. Defendants moved for summary judgment on the ground: (1) that they are purchasers for value and without notice and are protected by the Recording Act [Real Property Law, § 290 *et seq.*] because a title examiner, in following the chain of title against the successive owners of the mortgage, would not and could not discover plaintiff's testator's assignment; and (2) defendants are subrogated to the rights of their predecessors in title. The motion was granted, judgment was directed to be entered in favor of defendants, and plaintiff appeals. Order reversed on the law and the facts, with $10 costs and disbursements, and the motion denied, with $10 costs. The answering affidavits present issues of fact which cannot be summarily decided. Close, P. J., Johnston and Lewis, JJ., concur; Hagarty, J., dissents and votes to affirm, with the following memorandum, in which Adel, J., concurs: It is alleged in the complaint that the Merchants & Manufacturers Exchange of New York, hereinafter referred to as Merchants, to secure payment of a loan to it made by plaintiff's testator, assigned a mortgage to the latter, which assignment, dated June 30, 1924, was recorded August 14, 1924. This action to foreclose that mortgage is based on that assignment. It is also alleged in the complaint that the assignment was subject to an indebtedness due Liberty Place Holding Corporation, hereinafter referred to as Liberty, and plaintiff shows that the assignment which he invokes recites that it was made subject to a previous assignment given as collateral security to Lawyers Title and Guaranty Company, hereinafter referred to as Lawyers. It is undisputed that Liberty was a subsidiary of Lawyers and the differing references to Lawyers and Liberty are immaterial. As a vital part of his cause of action, therefore, the burden was upon plaintiff to show that the concededly subordinate assignment to his testator came into force and effect. We may assume, for the purposes of

this motion, that his allegation in his complaint that the indebtedness from Merchants to Liberty was paid in full is sufficient in that it may be inferred therefrom that such indebtedness was paid without recourse to the mortgage as collateral and application thereof upon the payment of the indebtedness. By undisputed factual showing the defendants, in support of their defense of " subrogation ", however, have proved to the contrary, namely, that the mortgage so assigned by Merchants to Liberty was used in payment of the indebtedness of Merchants to Liberty. The assignment by Merchants to Liberty, absolute on its face, is dated March 3, 1924, and was recorded March 11, 1924. Merchants surrendered the mortgage to Liberty in conjunction therewith. Defendants aver, without any factual dispute by plaintiff, that the records of Liberty, Lawyers and New York Title and Mortgage Co., hereinafter referred to as New York Title, in the possession of the Superintendent of Insurance, reveal the following: The mortgage in suit was part of collateral assigned by Merchants to Liberty to secure a loan of $100,000. Thereafter, Merchants arranged to sell the mortgages constituting the collateral, including the mortgage in suit, to New York Title. Liberty refused to surrender the mortgage in suit. until it received the face amount thereof, concededly in the sum of $7,000. On October 21, 1924, New York Title delivered its check for $7,000 to Liberty, which in turn assigned the bond and mortgage to Merchants, which in turn assigned the mortgage to New York Title. The assignment of the mortgage by Liberty to Merchants was dated October 21, 1924, and recorded October 29, 1924. The assignment from Merchants to New York Title was dated September 30, 1924, but recorded thereafter and on November 12, 1924. A copy of the check of New York Title in the sum of $7,000 to Liberty, which is dated October 21, 1924, is annexed to the moving affidavit. So, too, is a schedule of sums received by Liberty in payment of its $100,000 loan to Merchants, the third item in this schedule being " 10/23/24 Received from Satisfaction of Mtge #118C., $7,000.00." Thus, the collateral was utilized to pay off the indebtedness of Merchants to Liberty and the subordinate assignment to plaintiff's testator was rendered a nullity. There is a straight chain of title running from New York Title, which received the bond and mortgage, to defendant Crabtree. In opposition to the motion, plaintiff, who commenced this action on May 6, 1941, submits no facts to refute this showing. He merely points to the differences in dates of the assignments between Liberty and Merchants and Merchants and New York Title. It is immaterial that Liberty itself did not assign the mortgage directly to New York Title as it could have done, in that the assignment to Liberty was an absolute one. The indirect method employed served to show that the borrower had consented to the use of the collateral in payment of the indebtedness. The differences in dates of assignments relate to form rather than substance in the light of the showing with respect to the check of New York Title by way of payment to Liberty which is dated October 21, 1924, the schedule of payments of the $100,000 indebtedness and the dates of the respective recordings of the assignments. As to an essential part of plaintiff's case he makes no factual showing and, instead, wants " an opportunity to examine the various witnesses." The defendants, on the other hand, by copies of documents, have shown that the assignment relied on is worthless.